UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | No.: 1:18-cv-01658-SAB (PC)<br><br>ORDER TO CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF MOTION FOR COURT ORDER TO MAKE PRISON PAY FILING FEE<br><br>(ECF No. 6)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff Aaron Lamont Stribling is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a complaint in the United States District Court for the Southern District of California on November 19, 2018. (ECF No. 1.) On December 4, 2018, that court determined that venue was properly located in the United States District Court for the Eastern District of California, (ECF No. 2), and the matter was transferred to this Court on December 5, 2018 (ECF No. 3).

On December 7, 2018, the Court issued an order for Plaintiff to submit an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this case, or to pay the $400 filing fee, within forty-five (45) days. (ECF No. 5.)

1

| | |
|---|---|
| 1 | Currently before the Court is Plaintiff's motion for a Court order to make the prison pay |
| 2 | his filing fee, filed on January 9, 2019. (ECF No. 6.) |

**II.**

**MOTION FOR COURT ORDER**

Plaintiff moves the Court for a court order directing the prison to send an institutional check in his name, from his account, to pay the filing fee for this action. The Court liberally construes this as a motion for preliminary injunctive relief against the prison officials at Plaintiff's current institution, Kern Valley State Prison ("KVSP").

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted) (emphasis added).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the Court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2). The pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Institute, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

In this case, Plaintiff has not met the high standards for granting injunctive relief in this case. Plaintiff has attached a CDCR Form 22 in which he appears to request trust account withdrawal orders for preparing institutional checks to send funds to the Court, as well as family

1     members. There is no indication that this form was properly submitted, nor any information

2     about the institution's response to this form, if any. The Court cannot determine from this brief

3     submission that Plaintiff is being prevented from requesting for the filing fee in this case to be

4     transmitted to the Court.

5         Further, Plaintiff's complaint has not yet been screened, but a brief review shows that it is

6     against the warden of KVSP and certain correctional officers, and appears to concern the

7     conditions of his confinement. No defendant has been ordered to be served, and no defendant has

8     made any appearance in this case. The instant motion is not directed at any specific prison

9     officials, but involves issues related to Plaintiff's inmate trust account. Plaintiff also states, as an

10   aside, that the Court should also order prison officials to pay his family with his money "since it's

11   in the same ball club and ball park," and provides a list of names, addresses, and amounts.

12         "[A] court has no power to adjudicate a personal claim or obligation unless it has

13   jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research, Inc.,

14   395 U.S. 100, 110, 89 S.Ct. 1562 (1969); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

15   This action does not give jurisdiction over CDCR or prison officials generally merely based on

16   the pendency of this case. The relief Plaintiff seeks is not related to the defendants or the claims

17   at issue. Thus, the Court lacks jurisdiction to issue the requested order, particularly as concerns

18   directing payments to Plaintiff's family, a request that bears no relation to this case.

19         Plaintiff is encouraged to seek assistance from prison officials regarding the rules and

20   requirements for submitting a proper request to have an institutional check sent to Court for

21   payment of the filing fee for this case, if he has not already done so. The Court frequently

22   receives payments from inmates at CDCR facilities, and a procedure should be available to

23   Plaintiff. If additional time is needed to comply with the Court's order, Plaintiff may make a

24   request supported by a showing of good cause before the current deadline expires.

25   ///

26   ///

27   ///

28   ///

3

## III.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that a Fresno District Judge be randomly assigned to this action.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a court order to make the prison pay the filing fee, filed on January 9, 2019 (ECF No. 6), be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2019**

UNITED STATES MAGISTRATE JUDGE