# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case No. 1:18-cv-01658-LJO-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE UNDERSIGNED<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S FEBRUARY 12, 2019 ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION TO DIRECT THE PRISON TO PAY THE FILING FEE<br><br>(ECF Nos. 9, 10) |

## I.    Introduction

Plaintiff Aaron Lamont Stribling is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 9, 2019, Plaintiff filed a motion for court order to make prison pay filing fee with his money. (ECF No. 6.) On January 10, 2018, the Magistrate Judge issued Findings and Recommendation recommending that Plaintiff's motion to direct the prison to pay the filing fee (ECF No. 6), be denied. On February 11, 2019, Plaintiff filed objections to the Findings and Recommendation. (ECF No. 8.) On February 12, 2019, the undersigned issued an order adopting the Findings and Recommendation, denying Plaintiff's motion to direct the prison to pay the

filing fee, and ordering Plaintiff to either pay the filing fee in full or submit a complete application to proceed *in forma pauperis* within 30 days from the date of service of the order. (ECF No. 9.)

On March 4, 2019, Plaintiff filed a motion for disqualification of the undersigned and a motion for reconsideration.  (ECF No. 10.)

## II.     Motion for Disqualification

In his motion, Plaintiff first moves for disqualification of the undersigned.  (ECF No. 10.) Plaintiff's motion for disqualification is properly before the undersigned because the Ninth Circuit has "held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance."  United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986); see also Berger v. United States, 255 U.S. 22, 32 (1922).

Requests to disqualify or recuse a district judge are governed by two statutes, 28 U.S.C. §§ 144 and 455.  28 U.S.C. § 144 requires disqualification or recusal of a district judge "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party[.]"  Similarly, 28 U.S.C. § 455(a) and (b)(1) require a district judge to disqualify or recuse himself "in any proceeding in which his impartiality might reasonably be questioned[,]" including "[w]here he has a personal bias or prejudice concerning a party[.]"  However, under sections 144 and 455(a) and (b)(1), "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion[]" because judicial rulings do not rely on an extrajudicial source and "can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved."  Liteky v. United States, 510 U.S. 540, 555 (1994).  Further, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  Id.

Here, Plaintiff contends that the undersigned should be disqualified because the order adopting the Magistrate Judge's Findings and Recommendations and denying Plaintiff's motion

to direct the prison to pay the filing fee, (ECF No. 9), is an attempt to extort and/or rob Plaintiff by forcing Plaintiff to pay a second $400.00 filing fee or have his case dismissed. (ECF No. 10.) However, as noted above, "judicial rulings alone almost never constitute a valid basis" for a disqualification motion. Liteky, 510 U.S. at 555. Instead, "[a]lmost invariably, [judicial rulings alone] are proper grounds for appeal, not for recusal." Id. Further, Plaintiff has not demonstrated that the undersigned harbors any "deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Therefore, since Plaintiff has failed to establish that "a reasonable person with knowledge of all the facts would conclude that the [undersigned's] impartiality might reasonably be questioned[,]" Plaintiff's motion for disqualification of the undersigned is denied. United States v. Hernandez, 109 F.3d 1450, 1543 (internal quotation marks and citation omitted).

**III.     Motion for Reconsideration**

In his motion, Plaintiff also moves for reconsideration of the Court's February 12, 2019 order adopting the Findings and Recommendation, denying Plaintiff's motion to direct the prison to pay the filing fee, and ordering Plaintiff to either pay the filing fee in full or submit a complete application to proceed *in forma pauperis* within 30 days from the date of service of the order. (ECF No. 10.) Plaintiff contends that, since he has proof that the prison took money from his account to pay the $400.00 filing fee, his motion to direct the prison to pay the filing fee should have been granted.

The Court construes Plaintiff's motion as being brought pursuant to Federal Rule of Civil Procedure 60(b)(6). Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). "A party moving for relief under Rule 60(b)(6) must demonstrate both injury and circumstances beyond [their] control[.]" Id. (internal quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and

"why the facts and circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

Here, Plaintiff has failed to present the Court with any new evidence or changes in the law or demonstrate that the Court has committed clear error. Instead, Plaintiff's motion expresses his disagreement with the Court's prior decision and repeats arguments already considered by the Court. Therefore, since Plaintiff has not established that there are highly unusual circumstances justifying reconsideration of the Court's February 12, 2019 order adopting the Findings and Recommendation, denying Plaintiff's motion to direct the prison to pay the filing fee, and requiring Plaintiff to either pay the filing fee in full or submit a complete application to proceed *in forma pauperis* within 30 days from the date of service of the order, (ECF No. 9), Plaintiff's motion for reconsideration is denied.

**IV.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for disqualification of the undersigned and motion for reconsideration, (ECF No. 10), are DENIED.

IT IS SO ORDERED.

Dated:   __March 14, 2019__          _____**/s/ Lawrence J. O'Neill**_____
                                         UNITED STATES CHIEF DISTRICT JUDGE

4