# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.<br><br>Defendants. | Case No. 1:18-cv-01658-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CASE, WITHOUT PREJUDICE, FOR FAILURE TO PAY FILING FEE AND FAILURE TO OBEY COURT ORDER<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Aaron Lamont Stribling is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 19, 2018, Plaintiff initiated the instant action in the United States District Court for the Southern District of California. (ECF No. 1.) On December 4, 2018, the instant action was transferred to this Court. (ECF No. 2.) On December 7, 2018, the Court ordered Plaintiff to either submit a complete application to proceed *in forma pauperis*, or, in the alternative, pay the $400.00 filing fee for this action, within forty-five days of the date of service of the order. (ECF No. 5.)

On January 9, 2019, Plaintiff filed a motion for court order to make prison pay filing fee with money in Plaintiff's prison trust account. (ECF No. 6.) On January 10, 2019, the Court issued Findings and Recommendation recommending that Plaintiff's motion to direct the prison to pay the

1

filing fee be denied. (ECF No. 7.) On February 11, 2019, Plaintiff filed objections to the undersigned's Findings and Recommendation. (ECF No. 8.) The Court notes that pursuant to the Inmate Transaction list attached to Plaintiff's objections, he had $15,919.68 in his trust account on January 9, 2019. (Id. at 2.) Several withdrawals were made from his trust account and he had $13,823.22 remaining on January 10, 2019. (Id.) On February 12, 2019, the District Judge adopted the undersigned's Findings and Recommendation in full and denied Plaintiff's motion to direct the prison to pay the filing fee. (ECF No. 9.) The District Judge also granted Plaintiff thirty days from the date of service of the order to either pay the filing fee in full or submit a complete application to proceed *in forma pauperis*. (Id.)

On March 4, 2019, Plaintiff filed a motion for disqualification of the District Judge and a motion for reconsideration of the District Judge's February 12, 2019 order adopting the Findings and Recommendation and denying Plaintiff's motion to direct the prison to pay the filing fee. (ECF No. 10.) On March 14, 2019, the District Judge denied Plaintiff's motions for disqualification and reconsideration. (ECF No. 11.)

On March 27, 2019, the Court issued an order finding that the interest of justice required that Plaintiff be granted an additional twenty-one (21) days from the date of the service of the order to either pay the $400.00 filing fee in full or submit a complete application to proceed *in forma pauperis*. (ECF No. 12.)

After Plaintiff failed to either pay the filing fee or submit an application to proceed *in forma pauperis* within the allotted time, on May 3, 2019, the Court issued an order requiring Plaintiff to show cause in writing why this action should not be dismissed for failure to pay the filing fee in full or submit a complete application to proceed *in forma pauperis*. (ECF No. 13.) On May 20, 2019, Plaintiff filed a written response to the order to show cause. (ECF No. 14.)

On May 30, 2019, the Court issued an order discharging the May 3, 2019 order to show cause and ordering Plaintiff to pay the $400.00 filing fee in full within forty-five (45) days from the date of service of the order. (ECF No. 16.) In that order, Plaintiff was warned that, if he failed to pay the filing fee within the specified time, this action would be dismissed. (Id. at 2.)

The forty-five (45) day period has expired, and Plaintiff has failed to pay the $400.00 filing

1 fee in full or otherwise respond to the Court's May 30, 2019 order.

2 District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

A civil action may not proceed absent the submission of either the filing fee or an application to proceed *in forma pauperis*. 28 U.S.C. §§ 1914, 1915. Since Plaintiff has not submitted an application to proceed *in forma pauperis*, Plaintiff has failed to pay the filing fee, and Plaintiff has not otherwise responded to the Court's May 30, 2019 order, the Court is left with no alternative but to dismiss this action. This action has been pending since November 2018, and can proceed no further without Plaintiff's cooperation and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED, without prejudice, for failure to pay the filing fee and Plaintiff's failure to comply with the Court's May 30, 2019 order, (ECF No. 16).

///
///
///
///
///

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 1, 2019**

UNITED STATES MAGISTRATE JUDGE